UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62593-BLOOM/Valle

GREGORY PERLIN,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
*as Trustee of the Joan K. Perlin Revocable Trust*
*u/a/d January 3, 2005, f/b/o Gregory Perlin*,
JOHN KNUDSEN,
KAREN KNUDSEN DUTRO,
LISA PORTER,
MARK KNUDSEN, *and*
PETER KNUDSEN,

    Defendants.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff Gregory Perlin's ("Plaintiff") Motion to Remand, ECF No. [8] ("Motion"). Defendant Bank of America, N.A. ("Defendant" or "BANA") filed a Response in Opposition, ECF No. [12] ("Response"). To date, Plaintiff has not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I. BACKGROUND**

Plaintiff filed this action on November 4, 2021, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-2] ("Complaint"). In the Complaint, Plaintiff asserts a single count of breach of fiduciary duty against BANA, that agreed to serve as the Trustee to Plaintiff's late mother Joan Perlin's Trust. *See id.* ¶¶ 26-30. Plaintiff lists Karen Dutro, Mark Knudsen, John Knudsen, Lisa Porte, and Peter Knudsen (collectively,

"Remainder Beneficiaries") as Defendants, but does not allege any wrongdoing by the Remainder Beneficiaries. *See generally id.* BANA removed the case to federal court on December 30, 2021. *See* ECF No. [1]. When removing the case, BANA realigned Remainder Beneficiaries as plaintiffs, thereby claiming complete diversity of citizenship for diversity jurisdiction. *See id.* ¶ 22. According to BANA, Plaintiff is a citizen of Minnesota. *See id.* ¶ 17. John Knudsen, Lisa Porte, and Peter Knudsen are also citizens of Minnesota. *See* ECF No. [1-5] ¶ 11. BANA is a citizen of North Carolina. *See* ECF No. [1] ¶ 15.[1]

Plaintiff thereafter filed the instant Motion, arguing that the Court should remand the case because the realignment of the Remainder Beneficiaries to achieve diversity jurisdiction is improper, Defendant failed to obtain the consent of the Remainder Beneficiaries when removing the case, and the amount in controversy does not exceed $75,000.00. *See generally* ECF No. [8]. Plaintiff also seeks an award of attorneys' fees and costs incurred during the removal pursuant to 28 U.S.C. § 1447(c). *See id.* at 10. Defendant responds that the realignment of the Remainder Beneficiaries is proper, the realignment of the Remainder Beneficiaries moots the unanimity of consent requirement, and Defendant has established that the amount in controversy exceeds the jurisdictional threshold. *See generally* ECF No. [12]. Defendant also argues, in the alternative, that it had an objectively reasonable basis to seek removal and that an award of attorneys' fees and costs is not appropriate. *See id.* at 15-18.

## II. LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question

---

[1] Karen Dutro is a citizen of Indiana. *See* ECF No. [1-5] ¶ 11. Mark Knudsen is a citizen of Texas. *See id.*

jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. *See id.* § 1332(a). A removing defendant bears the burden of showing that federal jurisdiction is proper. *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

The Eleventh Circuit has held that when "examining diversity jurisdiction, the district court is not bound by the formal alignment of the parties provided in the pleadings." *St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 890 F.3d 1265, 1267 (11th Cir. 2018) (citing *City of Indianapolis v. Chase Nat'l Bank*, 62 S.Ct. 15 (1941); *City of Dawson v. Columbia Ave. Sav. Fund Safe Deposit, Title & Tr. Co.*, 25 S.Ct. 420 (1905)). The Eleventh Circuit has further held that "[t]he parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants." *St. Paul*, 890 F.3d at 1269 (quoting *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)). Instead, courts have a duty "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (quoting *City of Indianapolis*, 62 S.Ct. at 17); *see also Murphy v. Charter Oak Fire Ins. Co.*, 166 F. Supp. 3d 1311, 1314 (S.D. Fla. 2015) (holding that the court is "required to realign the parties in an action to reflect their interests in the litigation").

The Eleventh Circuit instructs courts to use the "primary purpose" test to determine whether a party should be realigned for diversity jurisdiction purposes. *See City of Vestavia Hills*, 676 F.3d at 1313. Upon a motion to remand, the courts must consider "the principal purpose of the suit" and "the primary and controlling matter in dispute." *Id.*; *see also Wheeler's Moving & Storage, Inc. v. Markel Ins. Co.*, No. 11-80272-CIV, 2011 WL 3419633, at *2 (S.D. Fla. Aug. 4, 2011). "[I]f

3

interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." *Wheeler's Moving & Storage*, 2011 WL 3419633, at *2 (internal citations and quotation marks omitted).

### III. DISCUSSION

#### A. Realignment of the Remainder Beneficiaries

Plaintiff argues that Remainder Beneficiaries Peter Knudsen, Lisa Porte, and John Knudsen (collectively, "Minnesota Defendants") should not be realigned because their interests are antagonistic to Plaintiff's interests. *See* ECF No. [8] at 3-7. Plaintiff notes that after Plaintiff's death, the remaining Trust corpus will be passed to the Remainder Beneficiaries. *See id.* at 5-6. Therefore, according to Plaintiff, if he obtains the relief he seeks, more money will be distributed to him, and the Remainder Beneficiaries will receive less money after his death. *See id.* at 5. Plaintiff also relies on *Sutton v. English*, 246 U.S. 199 (1918), where the Supreme Court determined that a particular party's antagonistic "attitude" toward the plaintiffs' claims made the party a defendant. *See* ECF No. [8] at 7. Plaintiff argues that the Remainder Beneficiaries denied several aspects of the Complaint before the case was removed, including Plaintiff's claim that BANA failed to make necessary distributions in violation of the terms of the Trust. *See id.* at 6 (citing ECF No. [8-2] ¶¶ 16-20).

Defendant responds that the Eleventh Circuit's primary purpose test defeats Plaintiff's Motion. *See* ECF No. [12] at 10. Defendant claims that the primary purpose of Plaintiff's cause of action is to determine whether Defendant acted for "its own selfish financial gain" and whether Defendant's actions are directly in conflict with all of the Trust beneficiaries. *Id.* (quoting ECF No. [1-2] ¶ 18). Defendant argues that if Plaintiff's allegations against BANA are true, Plaintiff's

4

request for a constructive trust and the removal of BANA as Trustee will benefit all of the Trust beneficiaries. *See id.* at 11. In regard to Plaintiff's argument that the distribution of the discretionary income to Plaintiff would reduce the remaining Trust corpus for the Remainder Beneficiaries, Defendant contends that Plaintiff unpersuasively relies on a speculative future conflict that does not change the primary purpose of the lawsuit or the requested relief. *See id.*

The Court agrees with Defendant. As noted above, Eleventh Circuit precedent instructs the Court to look to the primary purpose of Plaintiff's Complaint. *See City of Vestavia Hills*, 676 F.3d at 1313. The Complaint alleges that Defendant breached its fiduciary duties and that Defendant's conduct is in "direct conflict with the interests of the beneficiary [*sic*] of the Trust, including but not limited to Plaintiff." ECF No. [1-2] ¶ 20-22. As such, the Complaint contains allegations that align the interests of all the beneficiaries of the Trust. Further, as Defendant correctly argues, the relief that Plaintiff seeks would require Defendant to indemnify and account for any assets of the Trust diminished as a result of Defendant's breach of fiduciary duties, impose a constructive trust over the Trust corpus, and remove Defendant as the Trustee. *See* ECF No. [1-2] ¶ 29. If Defendant is acting for "its own selfish financial gain," then all of the Trust beneficiaries would stand to benefit from the relief sought.

Plaintiff's argument that the discretionary distribution of income to Plaintiff will reduce the amount that will eventually pass to the Remainder Beneficiaries is also unavailing. As Defendant points out, Plaintiff's argument is premised on a speculative future conflict between Plaintiff and the Remainder Beneficiaries that does not change the primary purpose of Plaintiff's lawsuit, which is to determine whether Defendant has breached its fiduciary duties as Trustee.[2] In

---

[2] Further, it is possible that a final judgment in favor of Plaintiff does not result in an increased *discretionary* distribution by a newly appointed special fiduciary, in which case the amount that would pass to the Remainder Beneficiaries would not be reduced. In addition, Plaintiff requests that BANA be ordered to "account for assets of the Trust diminished as a result of the breach of the Trust" and that the Court "reduce

sum, Plaintiff's Complaint indicates that the primary purpose of Plaintiff's lawsuit is for the benefit of all Trust beneficiaries, not solely Plaintiff.

In addition, Plaintiff's reliance on *Sutton* is unavailing. *See* ECF No. [8] at 7. In *Sutton*, several heirs sought to set aside a testamentary disposition. 246 U.S. at 202-03. The Supreme Court determined that the lower court should not have realigned one of the heirs as a plaintiff because of the heir's adverse "attitude" toward the other heirs' cause of action. *Id.* at 204. The complaint in *Sutton* sought "to have [the] will annulled at least to the extent that the twelfth paragraph, which gives and bequeaths all the residue of [the] property to [the heir in question], be decreed as not a testamentary disposition of [a certain] portion of the estate of testatrix . . . ." *Id.* at 203-04. In other words, the complaint sought to amend the will to deprive the heir in question of her testamentary interest. *See id.* If the heirs succeeded in their cause of action, the heir in question would have lost her interest. *See id.* Therefore, as Plaintiff correctly notes, in *Sutton*, the heir had a real and substantial interest in opposing the suit, and the realignment of the heir as a plaintiff alongside the other heirs was improper. *See* ECF No. [8] at 7.

The instant case, however, does not involve a complaint that seeks to deprive the Remainder Beneficiaries of their interest in the Trust. Plaintiff does not seek to strike the language in the Trust agreement that assigns the Trust corpus to the Remainder Beneficiaries after Plaintiff's death. Plaintiff instead seeks to remove BANA as the Trustee. Even if Plaintiff were to succeed in the lawsuit, by establishing that BANA had in fact breached its fiduciary duties and was managing the Trust for its own benefit, the Remainder Beneficiaries would reap the benefits of removing BANA as the Trustee and having BANA indemnify and account for any assets of the Trust that

---

or deny compensation to [BANA]." ECF No. [1-2] ¶ 29. As such, a judgment in favor of Plaintiff could actually increase the Trust corpus.

6

were diminished as a result of BANA's breach of fiduciary duties. As such, the realignment of the Remainder Beneficiaries is proper.[3]

### B. Unanimity of Consent to Removal

Plaintiff next argues that BANA failed to get the consent of its co-Defendants, namely the Remainder Beneficiaries, for removal. *See* ECF No. [8] at 8-11. The Eleventh Circuit has stated that "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1044 (11th Cir. 2001). However, because the Court determines that the realignment of the Remainder Beneficiaries as plaintiffs is proper, Plaintiff's argument on this matter is moot.[4]

### C. Amount in Controversy

Plaintiff argues that the relief he requests is equitable and that the amount in controversy does not exceed $75,000.00. *See* ECF No. [8] at 9-10. Plaintiff relies on *New York Life Ins. Co. v. Viglas*, 297 U.S. 672 (1936), to argue that only the quarterly installments due at the commencement of the lawsuit should be considered for the amount in controversy requirement, even if the Court's judgment will determine liability for future installments. *See id.* at 10. Plaintiff argues that Defendant has not satisfied its burden of demonstrating that the quarterly installments due at the commencement of the lawsuit exceeds the jurisdiction threshold. *See id.* However, Defendant

---

[3] To the extent that Plaintiff cites the Beneficiary Defendants' Answer before the case was removed, the Court is not persuaded. *See* ECF No. [8] at 6 (citing ECF No. [8-2] ("Answer")). The Answer does not alter the primary purpose of Plaintiff's lawsuit. The Answer merely establishes that the Beneficiary Defendants deny the basis for the relief sought, namely that BANA breached its fiduciary duties. *See* ECF Nos. [8-1] ¶¶ 17-20, [8-2] ¶¶ 17-20. As noted above, if Plaintiff ultimately prevails in the lawsuit, in part by establishing that the basis for the relief sought is in fact true and BANA breached its fiduciary duties, then the Beneficiary Defendants would similarly benefit from the ultimate relief obtained by removing BANA as the Trustee, even though they took the opposing view in regard to the basis of Plaintiff's cause of action.
[4] Plaintiff concedes that if the Remainder Beneficiaries are realigned, it would "obviat[e] the need to obtain the consent of all the defendants." ECF No. [8] at 2; *see also Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1340 (N.D. Ga. 2000) ("[T]he court must determine whether [a party's] interests in this case are aligned with plaintiffs, thus making its consent to removal unnecessary.").

responds that *New York Life Ins. Co.* is an outdated, inapposite contract case, and that Defendant has satisfied its burden of demonstrating that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See* ECF No. [12] at 13 (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Defendant argues that Plaintiff previously made formal and informal requests for discretionary distributions from the Trust in excess of $75,000.00 and that the total value of the Trust assets exceeds $75,000.00. *See* ECF No. [12] at 13-14 (citing ECF No. [1-5] ¶¶ 8-9).

The Court agrees with Defendant. First, *New York Life Ins. Co.* is inapposite. The Supreme Court determined that "[t]he declaration in the case at hand makes a showing of a present breach. It does not make a showing of a breach so wilful and material as to make acceleration of future benefits essential to the attainment of present reparation." *New York Life Ins. Co.*, 297 U.S. at 682. Because the case was about a present breach, the amount in controversy depended on the amount due rather than the sum of all future benefits, and the amount due was insufficient to meet the jurisdictional threshold. *See id.* In the instant case, the Complaint describes the breach as inadequate discretionary distributions. *See* ECF No. [1-2] ¶¶ 16-18. Given that Plaintiff has requested discretionary distributions in excess of $75,000.00, the amount in controversy or the requested damages for the "present breach" exceed the jurisdictional threshold. ECF No. [1-5] ¶ 8. Moreover, as Defendant points out, the relief Plaintiff seeks would require a constructive trust over the Trust corpus, which exceeds $75,000.00. *See* ECF No. [12] at 14; *see also* ECF No. [1-2] ¶ 29. As such, Plaintiff's argument that Defendant fails to establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold is unpersuasive.

D. **Attorneys' Fees and Costs**

Lastly, Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which states, in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* ECF No. [8] at 10. Because this Court denies Plaintiff's Motion to Remand, Plaintiff's request for attorneys' fees and costs is similarly denied.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [8]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record